UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 21-07192-JCB

UNITED STATES OF AMERICA

v.

JAMMY ALPHONSE

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

August 13, 2021

Boal, M.J.

Defendant Jammy Alphonse is charged in a complaint with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  An initial appearance was held on August 6, 2021, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (danger to the community) and (f)(2)(A) (risk of flight).

I held a detention hearing via videoconference on August 12, 2021.  Alphonse submitted four exhibits consisting of state court records into evidence, and the parties otherwise proceeded by proffer.  After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, I order Alphonse detained pending trial.

I.     **ANALYSIS**

   A.     **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v.

Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, the court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B. Nature Of The Offense

The government alleges that, during a search of Alphonse's home, law enforcement officers discovered a firearm and ammunition. The government further contends that this search was part of an investigation of a shooting in Cambridge, Massachusetts, and that evidence suggests Alphonse was involved in the shooting.

### C. Defendant's History And Characteristics

Alphonse, age 27, was born in Cambridge and is a lifelong resident of Massachusetts. Alphonse has been in a nine-year relationship with his girlfriend, with whom has a four-year-old child. He has a high school diploma from Somerville High School, and studied at New England

Tractor Trailor School prior to his arrest. He has been employed as a sound engineer for I 7 Records for six years.

### D. Risk Of Flight

Alphonse does not have a passport and has never traveled abroad. His criminal record includes a conviction for identity fraud, and he currently faces identity fraud charges in Suffolk Superior Court. At the hearing, the government proffered that Alphonse lived in an apartment under an assumed identity. Finally, Alphonse's criminal record includes multiple defaults, some of which were disputed by defense counsel, and a conviction for unlawful flight from a police officer. At the time of his arrest on federal charges, he had pending state charges in Chelsea District Court and Dorchester District Court.

### E. Dangerousness

Alphonse is charged with being a felon in possession of a firearm. In addition, he has a lengthy criminal record, which includes a conviction for carrying a dangerous weapon.

### F. Assessment Of All Factors

Alphonse proposes to be released on a GPS monitoring device to live with his mother. However, after carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention.

Alphonse does have strong ties to the community. However, he has committed identity fraud crimes in the past, and according to the government's proffer, was living under an assumed identity when arrested. He has a history that includes probation violations and defaults. In light of these factors, the government has met its burden with respect to flight.

In addition, the circumstances of the instant offense show that Alphonse represents a danger to the community. Law enforcement officers found a loaded firearm, magazines, and

ammunition at his home. At the time of his arrest, he was awaiting trial on state charges. For all these reasons, I find that that the government has met its burden regarding dangerousness.

Accordingly, I find that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Jammy Alphonse be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Jammy Alphonse be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in Jammy Alphonse is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

                                                         /s/ Jennifer C. Boal
                                                        JENNIFER C. BOAL
                                                        United States Magistrate Judge