UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMMY ALPHONSE<br><br>Defendant | Criminal No.   22cr10104<br><br>Violations:<br><br><u>Count One</u>: Wire Fraud Conspiracy<br>(18 U.S.C. § 1349)<br><br><u>Count Two</u>: False Representation of Social Security Number<br>(42 U.S.C. § 408(a)(7)(B))<br><br><u>Count Three</u>: Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1))<br><br><u>Count Four</u>: Felon in Possession of Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br><u>Count Five</u>: Possession with Intent to Distribute 40 Grams or More of Fentanyl<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))<br><br>Forfeiture Allegations:<br>(18 U.S.C. §§ 924(d), 981(a)(1)(C); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c)) |

<u>INFORMATION</u>

At all times relevant to this Information:

<u>General Allegations</u>

1.      Defendant JAMMY ALPHONSE ("ALPHONSE") resided in the Commonwealth of Massachusetts.

2.      Victim 1 was a real person who resided outside of the Commonwealth of Massachusetts.

1

3. Victim 2 was a real person who resided outside of the Commonwealth of Massachusetts.

4. Victim 3 was a real person who resided outside of the Commonwealth of Massachusetts.

5. A particular residential housing unit ("the Rental Property") was located within a residential apartment building in East Boston, Massachusetts.

## CARES Act Fraud

6. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") created a temporary federal unemployment insurance program called Pandemic Unemployment Assistance ("PUA").

7. The Massachusetts Department of Unemployment Assistance ("MA DUA") administered and managed the PUA program in Massachusetts. PUA claims submitted via MA DUA were processed via a server in Colorado.

8. Eligible Massachusetts residents could apply for PUA benefits through an online portal by providing personally identifiable information ("PII"), including their first and last name, Social Security number ("SSN"), date of birth, and residential and mailing addresses.

## The Fraudulent Rental

9. In or around February 2021, without the knowledge or approval of Victim 1, ALPHONSE, himself, or through an entity he directed, submitted an application to rent the Rental Property using the name and identity of Victim 1.

10. As part of the application and screening process, ALPHONSE falsely claimed to be Victim 1 and provided the company overseeing the Rental Property with, among other things, Victim 1's name, SSN, and date of birth.

11. ALPHONSE used the identity of Victim 1 to rent and reside in the Rental Property from approximately February 2021 through approximately August 2021.

### Overview of the Conspiracy and Scheme to Defraud

12. In or around May 2020, ALPHONSE and others known and unknown to the United States Attorney engaged in a scheme and artifice to defraud and to obtain money and property from the MA DUA by means of false and fraudulent pretenses, representations, and promises by submitting PUA claims using others' PII.

### Object and Purpose of the Conspiracy

13. The object of the conspiracy and scheme to defraud was to profit by submitting false PUA claims to MA DUA in other persons' names and using other persons' PII. The principal purpose of the conspiracy and scheme to defraud was to make money.

### Manner and Means of the Conspiracy and the Scheme to Defraud

14. Among the manner and means by which ALPHONSE and coconspirators known and unknown to the United States Attorney carried out the conspiracy and scheme to defraud were the following:

   a. ALPHONSE used others' PII including names, dates of birth, and SSNs to file fraudulent claims for PUA with MA DUA from ALPHONSE's residence located in Everett, Massachusetts, among other locations.

   b. ALPHONSE created email addresses to submit these fraudulent claims for PUA with MA DUA.

   c. ALPHONSE and others known and unknown to the United States Attorney directed the fraudulent PUA payments to bank accounts that they owned and controlled.

Acts in Furtherance of the Scheme to Defraud

15. In or around May 2020, ALPHONSE and others known and unknown to the United States Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

16. On various dates in May 2020, ALPHONSE and coconspirators known and unknown to the United States Attorney created nine Google email accounts for the purpose of submitting fraudulent PUA claims from his residence in Everett, Massachusetts and other locations.

17. On or about May 8, 2020, ALPHONSE and coconspirators known and unknown to the United States Attorney caused to be submitted to MA DUA a PUA claim in the name and PII of Victim 2 from his residence in Everett, Massachusetts. The fraudulent PUA claim was submitted with a Google email account that ALPHONSE or a coconspirator created and directed funds to a coconspirator's TD Bank account.

18. On or about May 11, 2020, ALPHONSE and coconspirators known and unknown to the United States Attorney caused to be submitted to MA DUA a PUA claim in the name and PII of Victim 3 from ALPHONSE's residence in Everett, Massachusetts. The fraudulent PUA claim was submitted with a Google email account that ALPHONSE or a coconspirator created and directed funds to a TD bank account in ALPHONSE's name.

19. On various dates in May 2020, including on or about May 8, May 11, and May 12, 2020, ALPHONSE withdrew cash proceeds from fraudulent PUA claims deposited into an account in his name at TD Bank.

<u>COUNT ONE</u>
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

The United States Attorney charges:

20. The United States Attorney re-alleges and incorporates by reference paragraphs 1, 3, 4, 6 to 8, and 12 to 19 of this Information.

21. In or around May 2020, in the District of Massachusetts and elsewhere, the defendant,

JAMMY ALPHONSE,

conspired with others known and unknown to the United States Attorney to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, to wit, online PUA applications in others' names to MA DUA, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

<u>COUNT TWO</u>
False Representation of Social Security Number
(42 U.S.C. § 408(a)(7)(B))

The United States Attorney further charges:

22. The United States Attorney re-alleges and incorporates by reference paragraphs 1, 2, 5 and 9 to 11 of this Information.

23. On or about February 4, 2021, in the District of Massachusetts, the defendant,

JAMMY ALPHONSE,

for the purpose of obtaining anything of value from any person, and for any other purpose, did, with intent to deceive, falsely represent a number to be the social security account number assigned by the Commissioner of Social Security to defendant on an application to rent an apartment, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to defendant.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

COUNT THREE
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

The United States Attorney further charges:

24. The United States Attorney re-alleges and incorporates by reference paragraphs 1, 2, 5 and 9 to 11 of this Information.

25. On or about February 4, 2021, in the District of Massachusetts, the defendant,

JAMMY ALPHONSE,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, False Representation of a Social Security Number, in violation of Title 42, United States Code, Section 408(a)(7)(B), as charged in Count Two.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FOUR
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The United States Attorney further charges:

26. On or about August 6, 2021, in the District of Massachusetts, the defendant,

JAMMY ALPHONSE,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Glock Model 43X, 9 millimeter semi-automatic pistol, with serial number BRUV79, 17 rounds of 9 mm ammunition, and 35 rounds of .40 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FIVE
Possession with Intent to Distribute 40 Grams of More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The United States Attorney further charges:

27.     On or about August 6, 2021, in the District of Massachusetts, the defendant,

JAMMY ALPHONSE,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(b)(vi).

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

28. Upon conviction of the offense in violation of 18, United States Code, Section 1349, set forth in Count One, the defendant,

JAMMY ALPHONSE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

29. If any of the property described in Paragraph 28, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 28 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

30. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g), set forth in Count Four, the defendant,

### JAMMY ALPHONSE

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. Glock Model 43X, 9 millimeter semi-automatic pistol, with serial number BRUV79;

   b. 17 rounds of 9 mm ammunition; and

   c. 35 rounds of .40 caliber ammunition.

31. If any of the property described in Paragraph 30, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 30 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The United States Attorney further alleges:

32. Upon conviction of the offense in violation of Title 21, United States Code, Section 841(a) and (b), set forth in Count Five, the defendant,

## JAMMY ALPHONSE

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following asset(s):

    a. A dollar amount to be determined at a later time, to be entered in the form of a forfeiture money judgment;

33. If any of the property described in Paragraph 32, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

                                Respectfully submitted,

                                RACHAEL S. ROLLINS
                                United States Attorney

By:    /s/ J. Mackenzie Duane
                                J. Mackenzie Duane
                                Assistant United States Attorney

Dated: May 11, 2022